Shiva S. Davoudian, Bar No. 232771
sdavoudian@littler.com
Alexandra Bernstein, Bar No. 327492
abernstein@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:   310.553.0308
Facsimile:   800.715.1330

Attorneys For Defendant
SOUTHERN GLAZER'S WINE AND SPIRITS,
LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANANIAS SNIPES III, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN GLAZER'S WINE AND SPIRITS, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT SOUTHERN GLAZER'S WINE AND SPIRITS, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>*[Removed from Alameda County Superior Court Case No. 25CV150725]*<br><br>Trial Date:        None Set<br>Complaint Filed:  October 23, 2025 |

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF ANANIAS SNIPES III AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant SOUTHERN GLAZER'S WINE AND SPIRITS, LLC ("Defendant") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of Alameda, to the United States District Court, Northern District of California based on 28 U.S.C. section 1331 (federal question) where Plaintiff's claims substantially depend upon the interpretation of a collective bargaining agreement ("CBA") and are therefore preempted under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, et seq. This action is removed pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446 on the following grounds:

## I.    PLEADINGS, PROCESS, AND ORDERS

1.    On October 23, 2025, Plaintiff Ananias Snipes III ("Plaintiff") filed a Complaint entitled *Plaintiff Ananias Snipes III, individually and on behalf of all others similarly situated v. Southern Glazer's Wine and Spirits, LLC; and DOES 1 through 20, inclusive*, in the Alameda County Superior Court ("State Court"), docketed as Case No. 25CV150725. (*See* Declaration of Shiva Davoudian in Support of Defendant's Notice of Removal ("Davoudian Decl."), ¶ 2, **Exhibit A**.) The Complaint was brought on a class basis and alleged that Defendant violated several provisions of the California Labor Code and Industrial Wage Orders. (*Id*.) On the same day, the Clerk issued a Notice of Case Management Conference, Civil Case Cover Sheet and Summons on Complaint.  (Davoudian Decl.  ¶ 3, **Exhibit B**.)

2.    On November 3, 2025, Plaintiff filed a Preemptory Challenge to Judicial Officer Pursuant to Cal. Code. Of Civ. Proc. § 170.6; Declaration of Prejudice.) (Davoudian Decl.  ¶ 4, **Exhibit C**.)

3.    On November 12, 2025, the Court issued a Notice of Case Reassignment (Civil). (Davoudian Decl.  ¶ 5, **Exhibit D**.)

4.    On November 13, 2025, Defendant was served with the Complaint, along with copies of the Summons, Civil Case Cover Sheet, Notice of Case Management Conference, Notice of Case Reassignment, and related documents through Defendant's agent for service of process, CSC. (Davoudian Decl., ¶ 6.)

5.    On November 17, 2025, Plaintiff filed a Proof of Service of Summons (Davoudian Decl., ¶ 7, **Exhibit E**.)

DEF'S NOTICE TO FED CT OF REMOVAL OF
CIVIL ACTION

6. On November 20, 2025, the Court issued a Notice of Case Rescheduling or Relocation notifying the parties that the Complex Determination Hearing set for December 4, 2025 at 2:30pm in Department 21 was rescheduled to December 10, 2025 at 1:30 PM in Department 18. (Davoudian Decl., ¶ 8, **Exhibit F**.)

7. On November 20, 2025, the Court also issued a second Notice of Case Rescheduling or Relocation notifying the parties that the Initial Case Management Conference set for February 23, 2026 at 8:30 am in Department 21 was rescheduled to February 25, 2026 at 1:30 pm in Department 18. (Davoudian Decl., ¶ 9, **Exhibits G**.)

8. On December 10, 2025, the Court entered Minutes and Issued an Order Regarding the Complex Determination Hearing. (Davoudian Decl., ¶ 10, **Exhibits H-I**.)

9. On December 12, 2025, the Court issued a Notice of Case Rescheduling or Relocation notifying the parties that the Initial Case Management Conference scheduled for February 25, 2026 was rescheduled to March 3, 2023 at 2:30 pm at Department 15. On the same day, the Court also issued a Notice of Case Reassignment. (Davoudian Decl., ¶¶ 11-12, **Exhibits J-K**.)

10. All of the process, pleadings, or orders related to this case that have filed in or issued by the Superior Court for the State of California, County of Alameda, or served by any other party are attached to the Davoudian Declaration as **Exhibits A-K**. Pursuant to 28 U.S.C. § 1446(a), these documents constitute "all process, pleadings and orders" that have been served upon Defendant and filed in the State Court Action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of Alameda, or served by any other party other than described above. (Davoudian Decl., ¶¶ 2-14, **Exhibits A-K**).

## II.    STATEMENT OF JURISDICTION

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and 1446.

12. This notice is based upon the original jurisdiction of the United States district court over the parties under 28 U.S.C. § 1331.

13. As set forth below, this case meets all the requirements of 28 U.S.C. § 1331 for removal because the claims for relief in Plaintiff's Complaint, or some of them, arise under the law of the United

States, specifically, Section 301 of the Labor Management Relations Act ("LMRA"). In addition, as set forth below, the Court has supplemental jurisdiction over all state claims pleaded in the Complaint, as they are related to the claims in the action within its original jurisdiction that they form part of the same controversy, pursuant to 28 U.S.C. § 1367(a).

## III.    FEDERAL QUESTION JURISDICTION - LMRA

14.    28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States."

15.    This is a civil action that arises out of Plaintiff's employment with Defendant. The Complaint alleges that Plaintiff brings this case "on Plaintiff's own behalf and on behalf of a putative class of persons who are and were employed by any or all Defendants as non-exempt employes throughout California." (Complaint, ¶ 1.) Plaintiff defines the class as "[a]ll California citizens currently or formerly employed by any or all Defendants as non-exempt employees in the State of California at any time between September 30, 2021 and the date of class certification ("Class")." (Complaint, ¶ 20.)

### A.    Section 301 Preemption Principles.

16.    Here, Section 301 preemption and jurisdiction apply because the Complaint includes claims that can only be brought as contractual claims under a CBA and further because Plaintiff asserts that he is entitled to relief that is controlled by the CBA and requires interpretation of the CBA.  In fact, California Labor Code section 514 also provides, in relevant part, "that when an employee is covered by a valid collective bargaining agreement . . . [that] expressly provides for the wages, hours of work, and working conditions of the employees . . ." then Labor Code sections 510 and 511 do not apply to covered employees. Cal. Lab. Code § 514.

17.    Section 301 of the Labor Management Relations Act ("LMRA") provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

29 U.S.C. § 185(a) (hereinafter, "Section 301").

18.   If any claims in the Complaint are not preempted by Section 301, the entire action is still removable under 28 U.S.C. § 1441(c), because this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Here, all claims in the Complaint are sufficiently related to form part of the same case or controversy and the remaining claims are based on the same facts, events, transactions, and occurrences as Plaintiff's claims that arise under federal law and are so related to those claims as to form part of the same case and controversy. Therefore, the Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a).

19.   Additionally, this case does not involve: (1) novel or complex issues of state law; (2) any state law claim that substantially predominates over the federal claims; (3) the dismissal of federal claims; or (4) exceptional circumstances.

20.   Section 301 preemption furthers two important federal policies. First, it ensures that the interpretation of CBAs remains uniform and independent of state law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements"). Second, the complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process and furthers the strong federal policy that labor disputes "remain[] firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). This Court has subject matter jurisdiction over – and thus Defendant may properly remove – any ostensible state law claim preempted by Section 301. *Franchise Tax Board v. Construction Laborers*, 463 U.S. 1, 24 (1983); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (if preempted, the "claim must either be treated as a § 301 claim . . . or dismissed").

21.   The steps for a Section 301 preemption analysis are outlined in *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019), as follows:

a.   *Curtis* Step One: Under the Section 301 preemption analysis, courts must first inquire whether the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1152 (internal citations and quotations omitted). Under *Curtis*, where an asserted Labor Code or Wage Order claim is covered by an available CBA exemption – such that there

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

exists no valid underlying state law claim – the Section 301 preemption inquiry is resolved at this first step. This is because, in the case of a state law meal break claim, for example, if Labor Code Section 512(a) does not apply (due to the application of the Labor Code Section 512(e)-(g) CBA exemption), any pleaded meal break claim is necessarily a contractual claim. *See e.g. Giles v. Canus Corp.*, 2022 WL 3370793, 4-5 (N.D. Cal. Aug. 16, 2022) (applying *Curtis*).

b.    *Curtis* Step Two: Similarly, Section 301 preemption applies whenever a necessary predicate for a plaintiff's claim is an alleged violation of the CBA, because such a claim cannot be resolved without interpreting and applying the CBA and/or involves a contractual right (a right that exists because of the CBA). *De'Sart v. PG&E*, 2018 WL 3545927 (C.D. Cal. Jul. 18, 2018), 4; *Kroeger v. L3 Techs., Inc.*, 2018 WL 1357363, 4 (C.D. Cal. Mar. 15, 2018); *Moreau v. San Diego Transit Corp.*, 210 Cal.App.3d 614, 624-25 (1989); *Curtis*, 913 F.3d at 1152.

22.    If, and only if, there is no preemption found at the first step of the analysis, courts then proceed to the second step of the Section 301 preemption analysis, which asks "whether a plaintiff's state law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153. Under this second step, Section 301 preemption still applies if the resolution of (for example) an expense reimbursement claim requires interpretation of the CBA. *See Linebarger v. Graphic Packaging International, LLC*, 2020 WL 1934958, 6 (C.D. Cal. Apr. 22, 2020) (finding Section 301 preemption of cell phone expense reimbursement claim where CBA included language regarding the purchase of tools necessary to complete the work). Accordingly, because the resolution of certain of Plaintiff's claims require interpretation and application of rights set forth in the CBA, the first *Curtis* factor is satisfied.

**B.    The Parties, The Unions, And The Relevant Collective Bargaining Agreements.**

23.    Defendant is a company engaged in an industry affecting commerce within the meaning of the National Labor Relations Act (the "NLRA"). 29 U.S.C. §§ 152(2), (6), (7), and 185(a). The International Brotherhood of Teamsters ("Union"), Local Nos. 70, 87, 137, 150, 166, 186, 315, 431, 630, 665, 683, 848, 853, 856, 952, 986 and 2785 are and have been labor organizations under the NLRA and LMRA. 29 U.S.C. §§ 152(5) and 185(a). Defendant and the Union, at all relevant times, have been parties to a collective bargaining agreement.

24.    Plaintiff's employment with Defendant commenced on March 14, 2022 and he is currently

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

employed by Defendant.  During the entirety of Plaintiff's employment, his employment was governed by CBAs with Teamsters Local Union No. 853. (Declaration of Christine Lewis in Support of Defendant's Removal to Federal Court ("Lewis Decl."), ¶ 5.)

### C.    The Failure To Reference The CBA, The LMRA, Or The Union Does Not Preclude Removal.

25.    The failure of Plaintiff's Complaint to reference the CBA, the Union, or the LMRA is not relevant to the Section 301 preemption analysis. *Curtis*, 913 F.3d at 1152; *Radcliff v. San Diego Gas & Elec. Co.*, 519 F.Supp.3d 743, 750 (S.D. Cal. 2021); *Mellon v. Universal City Studios, LLC*, 2022 WL 4021692, 2 (C.D. Cal. Sept. 2, 2022); *Ayon v. Zero Waste Sols., Inc.*, 2021 WL 4065716, 3 (E.D. Cal. Sept. 7, 2021). A plaintiff may not be permitted to "artfully plead" a complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009); *IBEW v. Hechler*, 481 U.S. 851 (1987) (state law tort action "treated as Section 301 claim" by the Court); *Hyles v. Mensing*, 849 F. 2d 1213, 1217 (9th Cir. 1988) (preemption affirmed notwithstanding plaintiff's artful omission of references to preemptive federal law); *Olguin v. Inspiration Consol. Copper Co.*,740 F.2d 1468,  1472-74 (9th Cir. 1984) (preemption affirmed despite attempt to plead around federal jurisdiction); *see Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991).

26.    The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

27.    An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). "A claim

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

pleaded under state law that requires the interpretation of a collective bargaining agreement is transformed by section 301 of the LMRA into a claim arising under federal law." *Risetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597 (9th Cir. 1996).

## IV.    RELEVANT CBA PROVISIONS.

28.    The current Hourly CBA with Teamsters Local Union No. 853, which is applicable to Plaintiff, has been in effect since June 1, 2023 and continues through September 31, 2026. (Lewis Decl., ¶ 6, **Exh. A**.) The prior version of the Hourly CBA, effective June 1, 2020 through May 31, 2022, was substantively identical to the relevant cited portions below, with only minor changes. (Lewis Decl., ¶ 7, **Exh. B**.)

29.    Plaintiff, who works in Northern California, was governed by the Hourly CBA, which applies to: "warehousepersons, office employees, drivers, and mechanics of the Employer within the Union's jurisdiction" (Lewis Decl., ¶ 6, **Exh. A**, p. 1).  Specifically, individuals not subject to the Hourly CBA in Northern California include: executive management secretaries, transportation managers; chain merchandisers; display and point of sale personnel; drivers, and office employees in Sacramento and office employees in Eureka (S); accounting, payroll, data processing, wine list, graphics, secretaries and chains office employees in Northern California; draft beer technicians; and convenience store representatives. (Lewis Decl., ¶ 6, **Exh. A**, pp. 1-2.)

30.    Excerpts from the provisions of the Hourly CBA relevant to this Removal include the following:

### (1)    Wage Rates: Article 29

31.    The minimum wages to be paid Defendant's employees are set forth in Article 29. The lowest average hourly rate each year in Article 29 for all of Defendant's employees covered by the Hourly CBA during the relevant time period is set forth below:

June 1, 2021 –$25.03

June 1, 2022 – $25.60

June 1, 2023 – $28.02

June 1, 2024 – $29.55

June 1, 2025 – $30.76

DEF'S NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

(Lewis Decl., ¶¶ 6-10, **Exh. B**, at 74-81, 84; **Exh. A**, at pp. 76-84, 86-87.)[1]

**(2)    Hours of Work: Article 7, Section 1**

32.    The CBA defines workday and workweeks.

Forty (40) hours shall constitute a week's work for office, drivers, warehousepersons, mechanics, and cross-classification employees to be worked in five (5) days of eight (8) hours continuously except for a lunch period of not to exceed one (1) hour, Sunday through Thursday or Monday through Friday or four (4) days of ten (10) hours continuously except for a lunch period not to exceed one (1) hour, Monday through Thursday, Tuesday through Friday or Sunday through Wednesday, inclusive, and including recognized legal holidays and State and Federal election days. A fifteen (15) minute rest period shall be allowed for each one half($\frac{1}{2}$) shift. An additional rest period shall be allowed if at least two (2) hours of overtime is anticipated. Employees may not leave the company property during rest periods, unless combined with a meal period.[2]

(Lewis Decl., ¶ 6, **Exh. A**, at p. 26.)

33.    The prior CBA set forth similar hours of work for workweeks. (Lewis Decl., ¶ 7, **Exh. B**, at p. 24.)

**(3)    Overtime: Articles 8.1.1., 8.1.2**

34.    The CBAs have their own overtime requirements:

Overtime shall be paid for all office employees, warehousepersons, mechanics, drivers, and cross-classification employees who work in excess of eight (8) hours in any one (1) day or forty (40) hours in any one (1) week at the rate of time and one-half (1 ½). All Saturday work shall be paid at the rate of time and one half (1 ½) and Sunday work and work in excess of

_____

[1] The only Hourly CBA classification that has been below 130% of the minimum wage are newly hired Utility workers. During the relevant time period, of the 1,183 non-exempt personnel subject to the Hourly CBA from October 23, 2021 to present, there were only 8 personnel in the Utility classification. (Lewis Decl., ¶ 10.)

[2] The Hours of Work provision in the prior CBA provided for an additional rest period if there was anticipated to be at least two hours of overtime. (Lewis Decl. ¶ 7, **Exh. B**, at p.24.)

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

eleven (11) hours (twelve (12) for Northern California) for employees on a scheduled five (5) day eight (8) hour workweek shall be paid at the rate of double time (2x), except if Sunday is part of the employee's regular straight-time workweek.

(Lewis Decl., ¶ 6, **Exh. A**, at p. 29.)

For purposes of determining whether or not the employee has worked his/her straight-time forty (40) hour workweek (and is accordingly entitled to overtime for such additional hours as he may work in that workweek), all paid time shall be counted as time worked.

(*Id.* at  p. 29.)

**(4)    Meal and Rest Periods: Articles 7.1**

35.    Meal and rest periods are defined in the CBAs:

A fifteen (15) minute rest period shall be allowed for each one half (½) shift. An additional rest period shall be allowed if at least two (2) hours of overtime is anticipated. Employees may not leave the company property during rest periods, unless combined with a meal period.

(*Id.* at p. 26.)

**(5)    Grievance and Arbitration: Article 2.3.2, 19**

36.    The CBA sets forth a detailed procedure for handling any grievance or dispute regarding state and federal wage and hour laws. Grievances that are not settled after several steps in mediation may proceed to arbitration, though the parties may proceed directly to arbitration, which is also detailed in the CBA. (Lewis Decl., ¶ 6, **Exh. A**, at pp. 10, 40-43.)

**(6)    Reimbursement: Article 9**

37.    Some expenses are paid for under the CBA.

The Employer shall provide lodging at no cost to the employee, in connection with overnight travel that is required by the Employer. Meal reimbursement in connection with overnight travel shall be no greater than

as follows, provided that the employee submits adequate documentation to substantiate the expense:

Breakfast Reimbursement    $23.00

Lunch Reimbursement:    $30.00

Dinner Reimbursement:    $50.00

The foregoing reimbursement shall not apply if the Employer makes arrangement and pays for meals.

Employees must submit expenses within thirty (30) calendar days to or through the Employer's expense system.

(Lewis Decl., ¶ 6, **Exh. A**, at pp. 33-34.)[3]

38.    The CBA also includes provisions for seniority, lay off order, leaves, various benefits, and other conditions of employment. (Lewis Decl., ¶ 6, **Exh. A**.)

## V.    LEGAL DISCUSSION

39.    Plaintiff pleads eight causes of action, involving wage and hour provisions of the California Labor Code, IWC Wage Orders, and Unfair Competition Law ("UCL").  However, Plaintiff's substantive claims are all subject to the provisions of the applicable CBAs. In addition, Plaintiff's claims for waiting time penalties, wage statement penalties, and restitution pursuant to the UCL, are derivative of the substantive claims and are therefore preempted pursuant to Section 301. In the alternative, even if the Court were to conclude that certain of Plaintiff's claims are not preempted, the Court has supplemental jurisdiction of the claims because they form part of the same case or controversy as Plaintiff's preempted claims.

### A.    Plaintiff's Overtime Claims Are Preempted Under *Curtis* Step One.

40.    Plaintiff's Second Cause of Action alleges that Defendant "failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked" as required by California law. (Complaint, ¶ 52.)

41.    Plaintiff has no valid state law overtime claim because the Labor Code Section 514 exemption applies. Section 514 provides an overtime exemption where "an employee is covered by a valid

---

[3] The expense reimbursement provision in the prior CBA had different rates of reimbursement and did not provide a deadline to submit expenses. (Lewis Decl.  ¶ 7, **Exh. B**, at p. 31.)

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

DEF'S NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION

collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." This exemption applies here.

42. <u>First</u>, the Hourly CBA provides for a range of wages, hours, and working conditions. (*See* Lewis Decl., ¶¶ 6-7, **Exh. B**, at 24, 74-81, 84; **Exh. A**, at p. 26, 76-84, 86-87.)

43. <u>Second</u>, the Hourly CBA provides premium wage rates, overtime rates, and minimum pay. (*See* Lewis Decl., ¶¶ 6-7, **Exh. B**, at 24, 27, 74-81, 84; **Exh. A**, at p. 26, 29, 76-84, 86-87.)

44. <u>Third</u>, the Hourly CBA provides hourly rates of pay well in excess of 30 percent above the then-current California minimum wage for Plaintiff's position.[4] At all relevant times, Plaintiff and all other personnel who worked in the same job classification as Plaintiff, have earned more than 30% above California's state minimum wage.[5] Accordingly, the Section 514 overtime exemption, which has been construed and applied capaciously by state and federal courts, clearly applies here. S*ee Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 109 (2014) (where Section 514's requirements are met, an employer is only required to pay for overtime as defined by the collective bargaining agreement and Section 510 simply does not apply); *Curtis*, 913 F.3d at 1154-55 ("While section 510 establishes a default definition of overtime applicable to non-unionized employees, unionized employees 'have sought and received alternative wage protections through the collective bargaining process'") (*citing Vranish*; *quoting Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1067 (9th Cir. 2000)); *Liu v. Sealy, Inc.*, 2025 WL 1357281, *7 (C.D. Cal. May 9, 2025) ("In Curtis, the Ninth Circuit explicitly held that if a plaintiff's CBA meets

---

[4] 2021: 130% of $14 minimum wage is $18.20, and employees were paid on average at least $25.03
2022: 130% of $15 minimum wage is $19.50, and employees were paid on average at least $25.60.
2023: 130% of $15.50 minimum wage is $20.15, and employees were paid on average at least $28.02.
2024: 130% of $16 is $20.80, and employees were paid on average at least $29.55.
2025: 130% of $16.50 minimum wage is $21.45, and employees were paid on average at least $30.76. (Lewis Decl. ¶ 10.)

[5] During the relevant period, the only CBA classification that was ever been below 130% of the minimum wage rate was the Utility classification, specifically new hires of the Utility classification. During the relevant time period, there were only 8 personnel who were in the Utility classification, representing approximately 0.68% of the 1,183 non-exempt personnel covered by the Hourly CBA. (Lewis Decl. ¶ 11.) Thus, the 130% prong of the Labor Code Section 514 exemption is met. *See, e.g., Sachs v. Pankow Operating, Inc.,* 2022 WL 489696, *6 (C.D. Cal. Feb. 16, 2022); *Rodriguez v. USF Reddaway Inc.,* 2022 WL 18012518, *3-4 (E.D. Cal. Dec. 30, 2022); *Huerta v. Doubletree Emp. LLC,* 2024 WL 890548, *3 (C.D. Cal. Mar. 1, 2024).)

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

the requirements of Section 514, their claim for overtime pay is controlled by their CBA, and their right to overtime exists 'solely as a result of the CBA.' Like the plaintiffs in *Curtis*, the Plaintiff's CBA here meets the requirements of Section 514.")

45.    Where, as here, the Section 514 exemption applies to a union-represented plaintiff, the "right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1154; *accord, e.g., Giles*, *supra,* 2022 WL 3370793, 4; *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, 2022 U.S. Dist. LEXIS 42113, 11 (C.D. Cal. Mar. 8, 2022) ("Because the Defendants' CBAs with the Aggrieved Employees satisfy the requirements of section 514, the right to overtime pay exists solely as a result of the CBA"); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1203-04 (C.D. Cal. 2015).

**B.    Plaintiff's Meal And Rest Period Claims Are Preempted Under *Curtis* Step Two.**

46.    Plaintiff's Third and Fourth Causes of Action allege employees did not receive compliant meal and rest breaks under California law. (Complaint, ¶¶ 61, 68.)

47.    Plaintiff's meal and rest break claims are preempted under *Curtis* Step Two, because this "state law right is substantially dependent on analysis of the CBA." *See Curtis*, 913 F.3d at 1153. Here, the Hourly CBA contains provisions for meal and rest periods. (*See* provisions quoted in Section III(4), *supra*.) Therefore, resolution of Plaintiff's meal and rest break claims will also require analysis of the CBAs given that the CBAs specifically provide for and define meal and rest periods. *See Marquez v. Toll Global Forwarding (USA), Inc.*, No. 2:18-cv-03054-ODW (ASx), 2018 WL 3218102, at *3-4 (C.D. Cal. June 28, 2018) (granting a motion to dismiss on section 301 preemption grounds where evaluating meal and rest period agreements in a CBA "will require more than merely applying the terms of the CBA. It will require interpretation, and the parties will likely dispute the meaning of these terms."). The past practices of the parties, deemed part of the CBAs, will also factor into this analysis. *See Consolidated Rail Corp. v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 307 (1989) ("[C]ollective bargaining agreements may include implied, as well as express, terms … it is well established that the parties' 'practice, usage and custom' is of significance in interpreting their agreement." (quoting *Transportation Union v. Union Pacific R. Co.*, 385 U.S. 157, 161 (1966)).

48.    In any event, if the Court finds that any portion of Plaintiff's meal and rest claims are not

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

DEF'S NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION

preempted, the Court has supplemental jurisdiction because any non-preempted claims form part of the same case or controversy as the preempted claims.

### C.    Plaintiff's Minimum Wage Claim Is Preempted Under *Curtis* Step Two.

49.    Plaintiff alleges he and class members were not paid minimum wages as required by California Law. (Complaint ¶¶40-41.) The minimum wage claim is preempted under *Curtis* Step Two because an interpretation of the provisions of the CBAs, which require pay for all hours worked, is necessary because the CBAs set forth minimum rates of pay and an analysis of these provisions are required in order determine whether Defendant paid employee at the correct minimum rates of pay. *See Rodriguez, supra*, 2022 WL 161892, at *5 (finding, where plaintiff alleged "defendant failed to pay minimum wages for off-the-clock activity," resolution of minimum wage claim required, "[a]t minimum, ... interpretation of CBA terms such as 'actual hours worked' and 'show up expenses'"); *Giles, supra*, 2022 WL 3370793, at *6 (minimum wage claim preempted because resolving that claim would require interpretation of contractual terms "actual time worked" and "show-up pay"); *Mellon, supra*, 625 F. Supp. 3d 1007, 1014 (denying motion to remand because "resolution of [plaintiff's] minimum wage claim will require interpreting the CBA to determine whether he was compensated for time spent undergoing security checks").

50.    In any event, if the Court finds that any portion of Plaintiff's minimum wage claim is not preempted, the Court has supplemental jurisdiction because any non-preempted claims form part of the same case or controversy as the preempted claims. *See Gay v. Pac Steel Grp*, 2021 WL 2917095, *3 (N.D. Cal Jun. 15, 2021) (finding supplemental jurisdiction for minimum wages, unpaid wages, non-compliant wage statements, and other claims when overtime, meal period, and rest period claims were preempted).

### D.    Plaintiff's Expense Reimbursement Claim Is Preempted Under *Curtis* Step Two.

51.    Plaintiff's Fifth Cause of Action alleges he was not reimbursed for necessary business expenses, without any supporting facts as to what expenses were allegedly incurred. (Complaint, ¶¶ 72-79.) Plaintiff's expense reimbursement claim is also preempted under *Curtis* Step Two because interpretation of the various provisions of the CBAs require*, inter alia*, meal and lodging reimbursements and interpretation of these provisions are required in order to resolve the expense reimbursement claim asserted in the Complaint. (See Section III(6), *supra.*)

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

DEF'S NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION

52. Courts routinely find expense reimbursement claims preempted where (i) a union-represented plaintiff makes general, non-specific expense reimbursement allegations and (ii) the applicable CBA contains specific provisions regarding expense reimbursement. *See Rodriguez, supra,* 2022 WL 161892, \*4-5; *Linebarger v. Graphic Packaging* International*, LLC*, 2020 WL 1934958, \*6 (C.D. Cal. Apr. 22, 2020); *Gay v. Pac Steel Group,* 2023 U.S. Dist. LEXIS 164851, \*20 (N.D. Cal. Sep. 15, 2023). Here, the CBA provides provisions for when meal and lodging must be reimbursed. (See Section II(6), *supra*.) Given Plaintiff's vague and overly broad expense reimbursement allegations, as compared to the CBA's specific provisions for reimbursement of certain expenses, resolution of this claim will turn on the analysis of and interpretation of CBA provisions.

53. In any event, if the Court finds that any portion of Plaintiff's expense reimbursement claim is not preempted, the Court has supplemental jurisdiction because any non-preempted claims form part of the same case or controversy as the preempted claims. *See Gay v. Pac Steel Grp*, 2021 WL 2917095, \*3 (N.D. Cal Jun. 15, 2021) (finding supplemental jurisdiction for minimum wages, unpaid wages, non-compliant wage statements, and other claims when overtime, meal period, and rest period claims were preempted); *Liu v. Sealy, Inc.,* 2025 WL 1357281, at \*4 (C.D. Cal. May 9, 2025) ("Because Section 301's preemptive force extends to 'questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement,' Section 301 preempts a state law claim so 'inextricably intertwined' with the terms of a labor contract that resolution of the claim will require judicial interpretation of those terms." (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11 (1985) (exercising supplemental jurisdiction over claims for minimum wages, overtime, meal, rest, business expenses, final wages, wage statements, and section 17200).

**E.    Plaintiff's Claims For Waiting Time Penalties, Inaccurate Wage Statements, And Unfair Competition Are Derivative Of Preempted Claims And Are Also Preempted.**

54. Plaintiff's claims for waiting time penalties pursuant to Labor Code Sections 201 through 203, wage statement penalties pursuant to Labor Code Section 226, and unfair business practices claim pursuant to Business & Professions Code section 17200, *et seq*. are all, in whole or in part, derivative of Plaintiff's other substantive claims that are therefore preempted pursuant to Section 301 for the reasons described above. (Complaint ¶¶ 82, 88, and 99.) *Giles*, *supra,* 2022 WL 3370793, 6-7; *Rodriguez, supra,*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

DEF'S NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION

14

2022 WL 161892, 6; *Mellon*, *supra,* 2022 WL 4021692, 5; *Jimenez v. Young's Mkt. C*o., 2021 WL 5999082, 13 (N.D. Cal. Dec. 20, 2021); *Vasquez v. Packaging Corp. of Am.*, 2019 WL 4543106, 4 (C.D. Cal. Jun. 7, 2019).

**F.     Supplemental Jurisdiction.**

55.     To the extent there are certain claims alleging Labor Code violations that do not arise under Section 301 of the LMRA, those alleged violations remain within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. section 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v. Cemex*, Inc., 2013 U.S. Dist. LEXIS 124111, at 17; *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014). Thus, this action is removable in its entirety under Section 301.

**VI.     VENUE**

56.     Plaintiff filed this action in the Superior Court of the State of California for the County of Alameda. As alleged in the Complaint, the alleged wrongful conduct occurred in the County of Alameda. (Complaint, ¶ 9.) As such, venue properly lies in the United States District Court for the Northern District of California.

**VII.     TIMELINESS OF REMOVAL**

57.     Pursuant to 28 U.S.C. section 1446(b), a notice of removal of a civil action must be filed within thirty (30) days of service or receipt of the Summons and Complaint. *See Murphy Bros., Inc. v.* Michetti *Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (noting the 30-day removal period runs from the service of the summons and complaint).

58.     Defendant was personally served with the Complaint on November 13, 2025. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), when the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(A)(5) (requiring deadlines "count every day, including intermediate Saturdays, Sundays, and legal holidays … but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Further, "next day" is "determined by continuing to count forward when the period is measured after an event and backward when measured before an event." *See id*. Therefore, the period is extended to Monday,

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

DEF'S NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION

December 15, 2025, and this Notice of Removal is timely filed. 28 U.S.C. § 1446(b); *see Fleming v. United Teacher Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 660-661 (D.W. Va. 2003) (removal filed on 31 days timely when final day was a holiday); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975) (same); *see also Agavni Pogosyan v. U.S. Bank Trust National Association et a*l., 2015 WL 12696188 at *2 (C.D. Cal. 2015) (same); *Williams v. Leonard*, 2003 WL 163183 *1 (N.D. Cal. 2003) (same). Accordingly, this Notice of Removal has been filed within thirty (30) days of service on Defendant of the Summons and Complaint. Therefore, Defendant's Notice of Removal is timely in accordance with 28 U.S.C. section 1446(b). *Murphy Bros., Inc.,* 526 U.S. at 347-48, 354 (holding removal period is triggered by completed service of process).

## VIII.   NOTICE TO PLAINTIFF AND THE STATE COURT

59.    Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff's counsel of record Samuel A. Wong, Kashif Haque, and Jessica L. Campbell of AEGIS LAW FIRM, PC, 9811 Irvine Center Drive, Suite 100, Irvine, California 92618. In addition a copy of Defendant's Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda. (Davoudian Decl. ¶ 13.)

## IX.    CONCLUSION

60.    For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and removal is therefore proper under 28 U.S.C. §§ 1441 and 1446.

Dated:  December 15, 2025                LITTLER MENDELSON, P.C.

/s/ Shiva S. Davoudian
Shiva S. Davoudian
Alexandra Bernstein

Attorneys For Defendant
SOUTHERN GLAZER'S WINE AND SPIRITS, LLC

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

4905-1062-8735.5 / 089148.1027

DEF'S NOTICE TO FED CT OF REMOVAL OF CIVIL ACTION