Shiva S. Davoudian, Bar No. 232771
sdavoudian@littler.com
Alexandra Bernstein, Bar No. 327492
abernstein@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:    310.553.0308
Facsimile:    800.715.1330

Attorneys For Defendant
SOUTHERN GLAZER'S WINE AND SPIRITS,
LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANANIAS SNIPES III, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN GLAZER'S WINE AND SPIRITS, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF SHIVA S. DAVOUDIAN IN SUPPORT OF DEFENDANT SOUTHERN GLAZER'S WINE AND SPIRITS, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>*[Removed from Alameda County Superior Court Case No. 25CV150725]*<br><br>Trial Date:         None Set<br>Complaint Filed:   October 23, 2025 |

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067-3107
310.553.0308

## DECLARATION OF SHIVA S. DAVOUDIAN

I, Shiva S. Davoudian, declare as follows:

1.      I am a shareholder with the law firm of Littler Mendelson, a Professional Corporation, counsel of record for Defendant Southern Glazer's Wine and Spirits, LLC ("Defendant") in this action. I am duly licensed to practice law in the State of California and am one of the attorneys responsible for representing Defendant in this action. I make this Declaration in support of Defendant's Notice to Federal Court of Removal of Civil Action ("Notice of Removal"). All of the information contained herein is based on my personal and first-hand knowledge unless otherwise indicated, and, if called and sworn as a witness, I could and would competently testify thereto. Based on my knowledge of the case, and review of the Court's docket, I can confirm the following:

2.      Based on my review of the Superior Court of the State of California, County of Alameda's ("Court") docket for this matter, I understand that on October 23, 2025, Plaintiff Ananias Snipes III ("Plaintiff") filed a Complaint entitled *Plaintiff Ananias Snipes III, individually and on behalf of all others similarly situated v. Southern Glazer's Wine and Spirits, LLC,; and DOES 1 through 20, inclusive*, in the Alameda County Superior Court ("State Court"), docketed as Case No. 25CV150725. The Complaint asserts the following eight causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Permit Rest Breaks; (5) Failure to Reimburse Business Expenses; (6) Failure to Provide Accurate Itemized Wage Statements; (7) Failure to Pay All Wages Due Upon Separation of Employment; and (8) Violation of Business and Professions Code § § 17200, *et seq.* A true and correct copy of the State Court Complaint is attached hereto as **Exhibit A.**

3.      Based on my review of the Court's docket for this matter, I understand that on October 23, 2025, the Alameda Superior Court Clerk issued a Notice of Case Management Conference, Civil Case Cover Sheet and Summons on Complaint. A true and correct copy of these documents are attached hereto as **Exhibit B.**

4.      Based on my review of the Court's docket for this matter, I understand that on November 3, 2025, Plaintiff filed a Preemptory Challenge to Judicial Officer Pursuant to Cal. Code. Of Civ. Proc. § 170.6; Declaration of Prejudice. A true and correct copy of the Preemptory Challenge to Judicial Officer Pursuant to Cal. Code. Of Civ. Proc. § 170.6; Declaration of Prejudice is attached hereto as **Exhibit C**.

5. Based on my review of the Court's docket for this matter, I understand that on November 12, 2025 the Court issued a Notice of Case Reassignment (Civil). A true and correct copy of the Notice of Case Reassignment (Civil) is attached hereto as **Exhibit D**.

6. Based on my review of the Proof of Service on Court's docket for this matter, I understand that on November 13, 2025, Defendant was served with the Complaint, along with copies of the Summons, Civil Case Cover Sheet, Notice of Case Management Conference, Notice of Case Reassignment, Preemptory Challenge to Judicial Officer Pursuant to Cal. Code. Of Civ. Proc. § 170.6; Declaration of Prejudice, and related documents through Defendant's agent for service of process, CSC. A true and correct copy of the Complaint, along with copies of the Summons, Civil Case Cover Sheet, Notice of Case Management Conference, Notice of Case Reassignment, Preemptory Challenge to Judicial Officer Pursuant to Cal. Code. Of Civ. Proc. § 170.6; Declaration of Prejudice and related documents are included in **Exhibits A-D**, and attached hereto.

7. Based on my review of the Court's docket for this matter, I understand that on November 17, 2025, Plaintiff filed a Proof of Service of Summons. A true and correct copy of the Proof of Service of Summons is attached here to as **Exhibit E**.

8. Based on my review of the Court's docket for this matter, I understand that on November 20, 2025, the Court issued a Notice of Case Rescheduling or Relocation notifying the parties that the Complex Determination Hearing set for December 4, 2025 at 2:30pm in Department 21 was rescheduled to December 10, 2025 at 1:30 PM in Department 18. A true and correct copy of the Notice of Case Rescheduling or Relocation is attached here to as **Exhibit F**.

9. Based on my review of the Court's docket for this matter, I understand that on November 20, 2025, the Court also issued a second Notice of Case Rescheduling or Relocation notifying the parties that the Initial Case Management Conference set for February 23, 2026 at 8:30 am in Department 21 was rescheduled to February 25, 2026 at 1:30 pm in Department 18. A true and correct copy of the Notice of Case Rescheduling or Relocation is attached here to as **Exhibit G**.

10. Based on my review of the Court's docket for this matter, I understand that on December 10, 2025, the Court entered Minutes and Issued an Order Regarding the Complex Determination Hearing. True and correct copies of the December 10, 2025 Minutes and Order Regarding the Complex Determination Hearing is attached here to as **Exhibits H-I**.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

11.     Based on my review of the Court's docket for this matter, I understand that on December 12, 2025, the Court issued a Notice of Case Rescheduling or Relocation notifying the parties that the Initial Case Management Conference scheduled for February 25, 2026 was rescheduled to March 3, 2023 at 2:30 pm at Department 15.  A true and correct copy of the Notice of Case Rescheduling or Relocation is attached hereto as **Exhibit J.**

12.     Based on my review of the Court's docket for this matter, I understand that on December 12, 2025, the Court issued a Notice of Case Reassignment.  A true and correct copy of the Notice of Case Reassignment is attached hereto as **Exhibit K.**

13.     Attached hereto as **Exhibit L** is a true and correct copy of the Alameda Superior Court's docket to date reflecting all processes, pleadings, and orders served on Defendant, filed with the Court, or entered by the Clerk in this action.

14.     Other than the documents attached as **Exhibits A** through **K**, I am not aware of any further proceedings or filings regarding this case in the Superior Court of the State of California, County of Alameda.

15.     To my knowledge, no other party is named or has been validly served as of the date of this Notice of Removal.

16.     Contemporaneously with the filing of Defendant's Notice of Removal, I have provided written notice of such filing to Samuel A. Wong, Kashif Haque, and Jessica L. Campbell of AEGIS LAW FIRM, PC, 9811 Irvine Center Drive, Suite 100, Irvine, California 92618. In addition a copy of Defendant's Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California on this 15th day of December, 2025.

*/s/ Shiva S. Davoudian*
SHIVA S. DAVOUDIAN

LITTLER MENDELSON, P.C.
2049 Century Park East.
5th Floor
Los Angeles, California 90067-3107
310.553.0308

4909-9858-2143.2 / 089148.1027

# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
10/23/2025 at 04:27:10 PM
By: Andrel Gospel,
Deputy Clerk

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com

Attorneys for Plaintiff Ananias Snipes III, individually,
and on behalf of all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ANANIAS SNIPES III, individually and on behalf of all others similarly situated, | Case No. 25CV150725 |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR:** |
| v. | 1.  Failure to Pay Minimum Wages; |
| SOUTHERN GLAZER'S WINE AND SPIRITS, LLC; and DOES 1 through 20, inclusive, | 2.  Failure to Pay Overtime Wages; |
| | 3.  Failure to Provide Meal Periods; |
| Defendants. | 4.  Failure to Permit Rest Breaks; |
| | 5.  Failure to Reimburse Business Expenses; |
| | 6.  Failure to Provide Accurate Itemized Wage Statements; |
| | 7.  Failure to Pay All Wages Due Upon Separation of Employment; and |
| | 8.  Violation of Business and Professions Code §§ 17200, *et seq*. |
| | **DEMAND FOR JURY TRIAL** |

1    Plaintiff Ananias Snipes III, individually and on behalf of others similarly situated,

2    alleges as follows:

3    **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4    1.    Plaintiff Ananias Snipes III ("Plaintiff") brings this putative class action against

5    defendants Southern Glazer's Wine and Spirits, LLC, and DOES 1 through 20, inclusive

6    (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a putative class of

7    persons who are and were employed by any or all Defendants as non-exempt employees

8    throughout California.

9    2.    Defendants provide services or goods throughout California.

10    3.    Through this action, Plaintiff alleges that Defendants engaged in a systematic

11    pattern of wage and hour violations under the California Labor Code and Industrial Welfare

12    Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair

13    competition.

14    4.    Plaintiff is informed and believe, and thereon alleges, that Defendants have

15    increased their profits by violating state wage and hour laws by, among other things:

16        (a)    failing to pay all wages (including minimum wages and overtime wages);

17        (b)    failing to provide lawful meal periods or compensation in lieu thereof;

18        (c)    failing to authorize or permit lawful rest breaks or provide compensation

19            in lieu thereof;

20        (d)    failing to reimburse necessary business-related costs;

21        (e)    failing to provide accurate itemized wage statements;

22        (f)    failing to pay wages timely during employment; and

23        (g)    failing to pay all wages due upon separation of employment.

24    5.    Plaintiff seeks monetary relief against Defendants on behalf of Plaintiff and all

25    others similarly situated in California to recover, among other things, unpaid wages, un-

26    reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and

27    penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12,

28    1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

-1-

1

## JURISDICTION AND VENUE

2      6.    This is a class action pursuant to California Code of Civil Procedure § 382. The

3 monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of

4 the Superior Court and will be established according to proof at trial.

5      7.    This Court has jurisdiction over this action pursuant to the California

6 Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes

7 except those given by statutes to other courts. The statutes under which this action is brought do

8 not specify any other basis for jurisdiction.

9      8.    This Court has jurisdiction over all Defendants because, upon information and

10 belief, they are citizens of California, have sufficient minimum contacts in California, or

11 otherwise intentionally avail themselves of the California market so as to render the exercise of

12 jurisdiction over them by the California courts consistent with traditional notions of fair play and

13 substantial justice.

14      9.    Venue is proper in this Court because, upon information and belief, Defendants

15 reside, transact business, or have offices in this county, and the acts and omissions alleged herein

16 took place in this county.

17

## THE PARTIES

18      10.    Plaintiff is a resident of California and worked for Defendants during the relevant

19 time periods as alleged herein.

20      11.    Plaintiff is informed and believes, and thereon alleges that at all times hereinafter

21 mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as

22 employers, whose employees were and are engaged throughout this county and the State of

23 California.

24      12.    Plaintiff is unaware of the true names or capacities of the defendants sued herein

25 under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

26 Complaint and serve such fictitiously named defendants once their names and capacities become

27 known.

28

13.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16.    At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

20.    Plaintiff's proposed class consists of and is defined as follows:

1       Class

2       All California citizens currently or formerly employed by any or all Defendants as

3       non-exempt employees in the State of California at any time between September

4       30, 2021 and the date of class certification ("Class").

5    21.   Plaintiff also seeks to certify the following subclasses of employees:

6       Waiting Time Subclass

7       All members of the Class who separated their employment with any or all

8       Defendants at any time between September 30, 2022 and the date of class

9       certification ("Waiting Time Subclass").

10   22.   Plaintiff reserves the right to modify or re-define the Class, establish additional

11  subclasses, or modify or re-define any class or subclass definition as appropriate based on

12  investigation, discovery, and specific theories of liability.

13   23.   Members of the Class and the Waiting Time Subclass described above will be

14  collectively referred to as "Class Members."

15   24.   There are common questions of law and fact as to the Class Members that

16  predominate over any questions affecting only individual members including, but not limited to,

17  the following:

18      (a)   Whether Defendants failed to pay Plaintiff and Class Members all wages

19           (including minimum wages and overtime wages) for all hours worked by

20           Plaintiff and Class Members.

21      (b)   Whether Defendants required Plaintiff and Class Members to work over

22           eight (8) hours per day, over twelve (12) hours per day, and/or over forty

23           (40) hours per week and failed to pay them proper overtime compensation

24           for all overtime hours worked.

25      (c)   Whether Defendants deprived Plaintiff and Class Members of timely meal

26           periods or required Plaintiff and Class Members to work through meal

27           periods without legal compensation.

28

1        (d)    Whether Defendants deprived Plaintiff and Class Members of rest breaks

2        or required Plaintiff and Class Members to work through rest breaks.

3        (e)    Whether Defendants failed to reimburse Plaintiff and Class Members for

4        necessary business-related costs expended for the benefit of Defendants.

5        (f)    Whether Defendants failed to provide Plaintiff and Class Members

6        accurate itemized wage statements.

7        (g)    Whether Defendants failed to pay wages timely to Plaintiff and Class

8        Members;

9        (h)    Whether Defendants failed to timely pay the Waiting Time Subclass all

10       wages due upon termination or within seventy-two (72) hours of

11       resignation.

12       (i)    Whether Defendants' conduct was willful or reckless.

13       (j)    Whether Defendants engaged in unfair business practices in violation of

14       Business and Professions Code §§ 17200, *et seq.*

15       25.    There is a well-defined community of interest in this litigation and the proposed

16   Class and subclasses are readily ascertainable:

17       (a)    Numerosity: The Class Members are so numerous that joinder of all

18   members is impractical. Although the members of the Class are unknown to Plaintiff at this time,

19   on information and belief, the Class is estimated to be greater than fifty (50) individuals. The

20   identities of the Class Members are readily ascertainable by inspection of Defendants'

21   employment and payroll records.

22       (b)    Typicality: Plaintiff's claims (or defenses, if any) are typical of the claims

23   (or defenses, if any) of the Class Members because Defendants' failure to comply with the

24   provisions of California's wage and hour laws entitled each Class Member to similar pay,

25   benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

26   sustained by the Class Members, because they arise out of and are caused by Defendants'

27   common course of conduct as alleged herein.

28

1    (c) Adequacy: Plaintiff will fairly and adequately represent and protect the

2 interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims

3 alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed

4 class counsel, are competent and experienced in litigating large employment class actions and

5 versed in the rules governing class action discovery, certification, and settlement. Plaintiff has

6 incurred and, throughout the duration of this action, will continue to incur attorneys' fees and

7 costs that have been and will be necessarily expended for the prosecution of this action for the

8 substantial benefit of the Class Members.

9    (d) Superiority: The nature of this action makes use of class action

10 adjudication superior to other methods. A class action will achieve economies of time, effort, and

11 expense as compared with separate lawsuits and will avoid inconsistent outcomes because the

12 same issues can be adjudicated in the same manner for the entire Class and Waiting Time

13 Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods

14 to efficiently manage this case as a class action.

15    (e) Public Policy Considerations: Employers in the State of California violate

16 employment and labor laws every day. Current employees are often afraid to assert their rights

17 out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions

18 because they believe their former employers might damage their future endeavors through

19 negative references and/or other means. Class actions provide class members who are not named

20 in the complaint with a type of anonymity that allows for the vindication of their rights while

21 affording them privacy protections.

22        **GENERAL ALLEGATIONS**

23  26. At all relevant times mentioned herein, Defendants employed Plaintiff and other

24 California residents as non-exempt employees throughout California.

25  27. Defendants continue to employ non-exempt employees within California.

26  28. Plaintiff is informed and believes, and thereon alleges, that at all times herein

27 mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who

28

1   were knowledgeable about California's wage and hour laws, employment and personnel
2   practices, and the requirements of California law.

3        29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4   should have known that Plaintiff and Class Members were entitled to receive wages for all time
5   worked (including minimum wages and overtime wages) and that they were not receiving all
6   wages earned for work that was required to be performed. In violation of the Labor Code and
7   IWC Wage Orders, Defendants did not pay Plaintiff and Class Members all wages owed
8   (including minimum wages and overtime wages) for all hours worked at the correct rate and
9   within the correct time period.

10       30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
11  should have known that Plaintiff and Class Members were entitled to receive all required meal
12  periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular
13  rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the
14  Labor Code and IWC Wage Orders, Defendants did not provide Plaintiff and Class Members all
15  meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members'
16  regular rate of pay when they did not receive a timely, uninterrupted meal period.

17       31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
18  should have known that Plaintiff and Class Members were entitled to receive all rest breaks or
19  payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay
20  when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage
21  Orders, Defendants did not authorize or permit all rest breaks for Plaintiff and Class Members or
22  payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay
23  when a rest break was missed, late, or interrupted.

24       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
25  should have known that Plaintiff and Class Members were entitled to reimbursement and/or
26  indemnification for all necessary business expenditures or losses as a direct consequence of the
27  discharge of their duties, or of their obedience to the directions of Defendants. In violation of the
28  Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business

1    expenses or losses, but Defendants did not reimburse nor indemnify such expenses or losses that

2    were incurred as a direct consequence of the discharge of their duties, or of their obedience to the

3    directions of Defendants.

4        33.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5    should have known that Plaintiff and Class Members were entitled to receive itemized wage

6    statements that accurately showed the following information pursuant to the Labor Code: (1)

7    gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units

8    earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all

9    deductions, provided that all deductions made on written orders of the employee may be

10    aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for

11    which the employee is paid; (7) the name of the employee and only the last four digits of his or

12    her social security number or an employee identification number other than a social security

13    number; (8) the name and address of the legal entity that is the employer; and (9) all applicable

14    hourly rates in effect during the pay period and the corresponding number of hours worked at

15    each hourly rate by the employee. In violation of the Labor Code, Defendants did not provide

16    Plaintiff and Class Members with accurate itemized wage statements.

17        34.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18    should have known that the Class Members were entitled to timely payment of wages due upon

19    separation of employment. In violation of the Labor Code, Defendants did not pay Plaintiff and

20    the Class Members all wages within the permissible time periods.

21        35.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

22    should have known they had a duty to compensate Plaintiff and Class Members, and Defendants

23    had the financial ability to pay such compensation but willfully, knowingly, and intentionally

24    failed to do so in order to increase Defendants' profits.

25        36.   Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief

26    against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover,

27    among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal

28

1  period premium payments, unpaid rest period premium payments, unreimbursed business
2  expenditures, interest, attorneys' fees, penalties, costs, and expenses.

3  <div align="center">**FIRST CAUSE OF ACTION**</div>

4  <div align="center">**FAILURE TO PAY MINIMUM WAGES**</div>

5  <div align="center">(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)</div>

6       37.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
7  though fully set forth herein.

8       38.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees
9  fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser
10 wage than the minimum so fixed is unlawful.

11      39.    Plaintiff and Class Members were employees entitled to the protections of Labor
12 Code §§ 1194 and 1197.

13      40.    During the relevant time period, Defendants failed to pay Plaintiff and Class
14 Members all wages owed when Defendants did not pay minimum wage for all hours worked.

15      41.    During the relevant time period, Defendants failed to pay at least minimum wage
16 to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

17      42.    Defendants' failure to pay Plaintiff and Class Members the required minimum
18 wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class
19 Members are entitled to recover the unpaid balance of their minimum wage compensation as
20 well as interest, costs, and attorneys' fees.

21      43.    Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to
22 recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued
23 interest thereon.

24 <div align="center">**SECOND CAUSE OF ACTION**</div>

25 <div align="center">**FAILURE TO PAY OVERTIME**</div>

26 <div align="center">(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)</div>

27      44.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
28 though fully set forth herein.

<div align="center">-9-</div>

45.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

46.     Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

47.     The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

48.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

49.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

50.     Plaintiff and Class Members were employees entitled to the protections of California Labor Code §§ 510 and 1194.

51.     During the relevant time period, Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

52.    During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

53.    In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

54.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

55.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

56.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

58.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

59.    Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours in a day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

-11-

1  the total work period per day of the employee is not more than six (6) hours, the meal period may

2  be waived by mutual consent of both the employer and the employee.

3        60.    Labor Code § 512(a) also provides that an employer may not employ an employee

4  for a work period of more than ten (10) hours per day without providing the employee with a

5  second meal period of not less than thirty (30) minutes, except that if the total hours worked is no

6  more than twelve (12) hours, the second meal period may be waived by mutual consent of the

7  employer and the employee only if the first meal period was not waived.

8        61.    During the relevant time period, Plaintiff and Class Members worked more than

9  five (5) or ten (10) hours and did not receive all compliant meal periods because their meal

10  periods were missed, late, short, interrupted, and/or they were not permitted to take a second

11  meal period.

12        62.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

13  an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of

14  compensation for each work day that a compliant meal period is not provided.

15        63.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal

16  period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b)

17  and section 11 of the applicable IWC Wage Order.

18        64.    As a result of Defendants' failure to pay Plaintiff and Class Members an

19  additional hour of pay for each day a compliant meal period was not provided, Plaintiff and

20  Class Members suffered and continue to suffer a loss of wages and compensation.

21  <center>**FOURTH CAUSE OF ACTION**</center>

22  <center>**FAILURE TO PERMIT REST BREAKS**</center>

23  <center>(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)</center>

24        65.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

25  though fully set forth herein.

26        66.    Labor Code § 226.7(a) provides that no employer shall require an employee to

27  work during any rest period mandated by the IWC Wage Orders.

28

<center>-12-</center>

67.     Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

68.     During the relevant time period, Plaintiff and Class Members did not receive all ten (10) minute rest periods for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

69.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

70.     At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

71.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

<center>

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

(Violation of Labor Code §§ 2800, 2802)

</center>

72.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73.     Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

74.     Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct

<center>-13-</center>

1  consequence of the discharge of his or her duties, or of his or her obedience to the directions of
2  the employer . . . ."

3      75.    Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for
4  reimbursement of necessary expenditures under this section shall carry interest at the same rate
5  as judgments in civil actions. Interest shall accrue from the date on which the employee incurred
6  the necessary expenditure or loss."

7      76.    Labor Code § 2802(c) states that "[f]or purposes of this section, the term
8  "necessary expenditures or losses" shall include all reasonable costs, including, but not limited
9  to, attorney's fees incurred by the employee enforcing the rights granted by this section."

10      77.    During the relevant time period, Plaintiff and Class Members incurred necessary
11 business-related costs that were not fully reimbursed by Defendants.

12      78.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or
13 indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and
14 intentional failure to reimburse necessary business expenditures in connection with Plaintiff's
15 and Class Members' work and job duties.

16      79.    As a direct result, Plaintiff and Class Members have suffered and continue to
17 suffer losses, and therefore seek complete reimbursement and indemnification of necessary
18 business expenditures or losses, interest thereon at the required rate, and all reasonable costs in
19 enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

20                          **SIXTH CAUSE OF ACTION**

21          **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

22                  (Violation of Labor Code § 226; Violation of IWC Wage Order)

23      80.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
24 though fully set forth herein.

25      81.    Labor Code § 226(a) requires Defendants to provide each employee with an
26 accurate wage statement in writing showing nine pieces of information, including, the following:
27 (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate
28 units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

1    deductions, provided that all deductions made on written orders of the employee may be
2    aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for
3    which the employee is paid, (7) the name of the employee and the last four digits of his or her
4    social security number or an employee identification number other than a social security number,
5    (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly
6    rates in effect during the pay period and the corresponding number of hours worked at each
7    hourly rate by the employee.

8        82.    During the relevant time period, Defendants have knowingly and intentionally
9    failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff
10   and Class Members. The deficiencies include, among other things, the failure to correctly state
11   the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the
12   number of hours worked at each hourly rate by Plaintiff and Class Members.

13       83.    As a result of Defendants' knowing and intentional failure to comply with Labor
14   Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-
15   protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury
16   pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code §
17   226(a). Plaintiff and Class Members were denied both their legal right to receive, and their
18   protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In
19   addition, because Defendants failed to provide the accurate rates of pay on wage statements,
20   Defendants prevented Plaintiff and Class Members from determining if all hours worked were
21   paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit
22   in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses
23   and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had
24   Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also
25   delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

26       84.    Plaintiff and Class Members are entitled to recover from Defendants the greater of
27   all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty
28   dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars

-15-

1  ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding
2  four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

3       85.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and
4  Class Members from knowing, understanding, and disputing the wages paid to them and resulted
5  in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and
6  intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members
7  have suffered an injury, in the exact amount of damages and/or penalties to be shown according
8  to proof at trial.

9  <div align="center">**SEVENTH CAUSE OF ACTION**</div>

10  <div align="center">**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**</div>

11  <div align="center">(Violation of Labor Code §§ 201, 202, and 203)</div>

12       86.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
13  though fully set forth herein.

14       87.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee,
15  the wages earned and unpaid at the time of discharge are due and payable immediately, and that
16  if an employee voluntarily leaves his or her employment, his or her wages shall become due and
17  payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-
18  two (72) hours previous notice of an intention to quit, in which case the employee is entitled to
19  his or her wages at the time of quitting.

20       88.     During the relevant time period, Defendants willfully failed to pay the Waiting
21  Time Subclass all their earned wages upon termination, either at the time of discharge or within
22  seventy-two (72) hours of their leaving Defendants' employ.

23       89.     Defendants' failure to pay the Waiting Time Subclass all their earned wages at the
24  time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in
25  violation of Labor Code §§ 201 and 202.

26       90.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed
27  immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then
28  the wages of the employee shall continue as a penalty from the due date at the same rate until

<div align="center">-16-</div>

1    paid or until an action is commenced; but the wages shall not continue for more than thirty (30)

2    days.

3        91.     Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover

4    from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members'

5    regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a

6    maximum of thirty (30) days.

7                         **EIGHTH CAUSE OF ACTION**

8         **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

9                (Violation of Business and Professions Code §§ 17200, *et seq.*)

10       92.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

11    though fully set forth herein.

12       93.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of

13    unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . .

14    . ."

15       94.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may

16    be predicated on a violation of any state or federal law. In the instant case, Defendants' policies

17    and practices violated state law, causing Plaintiff and Class Members to suffer and continue to

18    suffer injuries-in-fact.

19       95.     Defendants' policies and practices violated state law in at least the following

20    respects:

21              (a)     Failing to pay all wages earned (including minimum wage and overtime

22                    wages) to Plaintiff and Class Members at the proper rate and in a timely

23                    manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.

24              (b)     Failing to provide compliant meal periods without paying Plaintiff and

25                    Class Members premium wages for every day said meal periods were not

26                    provided in violation of Labor Code §§ 226.7 and 512.

27              (c)     Failing to authorize or permit compliant rest breaks without paying

28                    Plaintiff and Class Members premium wages for every day said rest

1  breaks were not authorized or permitted in violation of Labor Code §

2  226.7.

3  (d)  Failing to reimburse Plaintiff and Class Members for necessary business-

4  related expenses in violation of Labor Code §§ 2800 and 2802.

5  (e)  Failing to provide Plaintiff and Class Members with accurate itemized

6  wage statements in violation of Labor Code § 226.

7  (f)  Failing to timely pay all earned wages to the members of the Waiting

8  Time Subclass upon separation of employment in violation of Labor Code

9  §§ 201, 202, and 203.

10  96.  As alleged herein, Defendants systematically engaged in unlawful conduct in

11  violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages

12  (minimum and overtime wages), failing to provide meal periods and rest breaks or

13  compensation in lieu thereof, failing to reimburse necessary business-related costs and

14  expenses, failing to furnish accurate wage statements, and failing to pay all wages due and

15  owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in

16  order to decrease their costs of doing business and increase their profits.

17  97.  At all relevant times herein, Defendants held themselves out to Plaintiff and Class

18  Members as being knowledgeable concerning the labor and employment laws of California.

19  98.  At all times relevant herein, Defendants intentionally avoided paying Plaintiff and

20  Class Members wages and monies, thereby creating for Defendants an artificially lower cost of

21  doing business in order to undercut their competitors and establish and/or gain a greater

22  foothold in the marketplace.

23  99.  By violating the foregoing statutes and regulations as herein alleged, Defendants'

24  acts constitute unfair and unlawful business practices under California Business and Professions

25  Code §§ 17200, *et seq.*

26  100.  As a result of the unfair and unlawful business practices of Defendants as alleged

27  herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and

28  restitution in an amount to be shown according to proof at trial.

-18-

101. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

**PRAYER FOR RELIEF**

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

2. For appointment of Ananias Snipes III as class representative;

3. For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4. For compensatory damages in an amount according to proof at trial;

5. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6. For economic and/or special damages in an amount according to proof at trial;

7. For liquidated damages pursuant to Labor Code § 1194.2;

8. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9. For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10. For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12. For pre-judgment interest;

-19-

1       13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted

2   by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§

3   226(e) and 1194; and

4       14.     For such other relief as the Court deems just and proper.

6   Dated: September 30, 2025          **AEGIS LAW FIRM, PC**

By: _____

Jessica L. Campbell
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: September 30, 2025          **AEGIS LAW FIRM, PC**

By: _____

Jessica L. Campbell
Attorneys for Plaintiff

# EXHIBIT  B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOUTHERN GLAZER'S WINE AND SPIRITS, LLC; and DOES 1 through 20, inclusive,

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**10/23/2025**
Chad Finke, Executive Officer / Clerk of the Court
By_____A. Gospel_____Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANANIAS SNIPES III, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, County of Alameda<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>25CV150725 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Center Drive, Suite 100, Irvine, CA 92618, 949.379.6250

| DATE: 10/23/2025<br>*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* A. Gospel | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SOUTHERN GLAZER'S WINE AND SPIRITS, LLC

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jessica L. Campbell, Esq. SBN 280626<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Dr., Suite 100<br>Irvine, CA 92618<br>TELEPHONE NO.: 949.379.6250   FAX NO.: 949.379.6251<br>ATTORNEY FOR (Name): Plaintiff Ananias Snipes III | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>10/23/2025 at 04:27:10 PM<br>By: Andrei Gospel,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Ananias Snipes III v. Southern Glazer's Wine and Spirits, LLC;

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>25CV150725 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Eight
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 23, 2025

Jessica L. Campbell                                    ▶        *[signature]*
_____                                _____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Snipes III v. Southern Glazer's Wine and Spirits, LLC; | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ X ] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[  ] Hayward Hall of Justice (447)

[  ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
10/23/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _Andel Gospel_ Deputy
A. Gospel

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
ANANIAS SNIPES, III

DEFENDANT:
SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
25CV150725

---

TO THE PLAINTIFF(S) ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 02/23/2026    Time: 8:30 AM    Dept.: 21 | |
| Location: Rene C. Davidson Courthouse | |
| Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S) ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

- EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
- EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
- EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/23/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _André Gospel_ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>ANANIAS SNIPES, III | |
| DEFENDANT/RESPONDENT:<br>SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV150725 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jessica Campbell
9811 Irvine Center Drive Suite100
Irvine, CA 92618

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/27/2025                By: _André Gospel_

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT C

1   **AEGIS LAW FIRM, PC**
    SAMUEL A. WONG, State Bar No. 217104
2   KASHIF HAQUE, State Bar No. 218672
    JESSICA L. CAMPBELL, State Bar No. 280626
3   9811 Irvine Center Drive, Suite 100
    Irvine, California 92618
4   Telephone: (949) 379-6250
    Facsimile: (949) 379-6251
5   Email: jcampbell@aegislawfirm.com
6
    Attorneys for Plaintiff Ananias Snipes III, individually,
7   and on behalf of all others similarly situated.
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/03/2025 at 09:28:32 AM**
By: Megean Reading,
Deputy Clerk

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                        **FOR THE COUNTY OF ALAMEDA**

11

12

13   ANANIAS SNIPES III, individually and on        Case No. 25CV150725
     behalf of all others similarly situated,
14                                                   *Assigned for All Purposes to:*
               Plaintiffs,                           *Judge Somnath Raj Chatterjee*
15                                                   *Dept. 21*
          v.
16                                                   **PLAINTIFF ANANIAS SNIPES III'S**
     SOUTHERN GLAZER'S WINE AND                      **PEREMPTORY CHALLENGE TO**
17   SPIRITS, LLC; and DOES 1 through 20,            **JUDICIAL OFFICER PURSUANT TO CAL.**
     inclusive,                                      **CODE OF CIV. PROC. § 170.6;**
18                                                   **DECLARATION OF PREJUDICE**
               Defendants.
19

20

21

22

23

24

25

26

27

28

1    TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF

2    RECORD:

3    PLEASE TAKE NOTICE that Plaintiff Ananias Snipes III ("Plaintiff") hereby moves the

4    Court to accept Plaintiff's peremptory challenge and declaration of prejudice pursuant to *Cal.*

5    *Code Civ. Proc.* § 170.6, and assign this matter to another judge.

6    The declaration of attorney Jessica L. Campbell, filed concurrently herewith, has been

7    filed in this matter as required by *Cal. Code Civ. Proc.* § 170.6.

8    This is the first and only such motion made by Plaintiff in this action.

9

10   November 3, 2025                              **AEGIS LAW FIRM, PC**

11                                      By: _____

12                                              Jessica L. Campbell
                                                Attorney for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**PEREMPTORY CHALLENGE**

## DECLARATION OF JESSICA L. CAMPBELL

I, Jessica L. Campbell, declare:

1.      I am an attorney at law duly licensed to practice in the state of California.  I am a Partner of Aegis Law Firm, PC, counsel of record for Plaintiff Ananias Snipes III. The matters stated herein are within my personal knowledge, and if sworn, I could and would testify competently hereto. This declaration is filed pursuant to *Cal. Code Civ. Proc.* § 170.6 and in support of Plaintiff's peremptory challenge to the Hon. Judge Somnath Raj Chatterjee.

2.      The judicial officer named above, to whom the above-referenced action has been assigned, is prejudiced against the party (or its attorneys) or in the interest of the party (or its attorneys), so that Plaintiff cannot, or believes that she cannot, have a fair and impartial trial or hearing before the judicial officer.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed Monday, November 3, 2025, at Irvine, California.

Jessica L. Campbell

-3-

PEREMPTORY CHALLENGE

# EXHIBIT  D

| | Reserved for Clerk's File Stamp |
|---|---|
| # SUPERIOR COURT OF CALIFORNIA<br>## COUNTY OF ALAMEDA | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/12/2025<br>Clad F]ke, Execotive Otfcer /Clerk of the Court<br>By: ~~yoluy~~ Constantino  Deputy<br>G. Constantino |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br><br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |
| PLAINTIFF(S) / PETI<br>ANANIAS SNIPES, III | |
| SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al | |
| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>25CV150725 |

**EFFECTIVE** 11/12/2025

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Patrick McKinney |
| DEPARTMENT: | 18 |
| LOCATION: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6934 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept18@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**ASSIGNED FOR ALL PURPOSES TO**
**JUDGE** Patrick McKinney
**DEPARTMENT** 18

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

*Galvy Constantino*

By

G. Constantino, Deputy Clerk

**NOTICE OF CASE REASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/12/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Galey Constantino_ Deputy<br>G. Constantino |
| PLAINTIFF/PETITIONER:<br>ANANIAS SNIPES, III | |
| DEFENDANT/RESPONDENT:<br>SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL<br>PROCEDURE 1010.6** | CASE NUMBER:<br>25CV150725 |

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Reassignment (Civil) entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.


Jessica Campbell
jcampbell@aegislawfirm.com


Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/12/2025                    By:

_Galey Constantino_

G. Constantino, Deputy Clerk

# EXHIBIT E

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>JESSICA L. CAMPBELL, ESQ. (SBN 280626)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>  *Telephone No:*  949. 379.6250<br><br>  *Attorney For:*   Plaintiff       *Ref. No. or File No.:*<br>                                     153 | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>11/17/2025 at 10:31:02 AM<br>By: Megean Reading,<br>Deputy Clerk |

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA

*Plaintiff:* ANANIAS SNIPES III, individually and on behalf of all others similarly situated
*Defendant:* SOUTHERN GLAZER'S WINE AND SPIRITS, LLC

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>25CV150725 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment to Courthouse Location); Notice of Case Reassignment; Plaintiff Ananias Snipes III's Peremptory Challenge to Judicial Officer Pursuant to Cal. Code of Civ. Proc. § 170.6; Declaration of Prejudice; Notice of Case Management Conference

3.  *a.* Party served:     SOUTHERN GLAZER'S WINE AND SPIRITS, LLC
    *b.* Person served:   Alex Jenkins, Person Authorized to Accept Service for CSC Lawyers Incorporating Service, Agent for Service of Process

4.  *Address where the party was served:*   2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Nov 13 2025 (2) at *(time)*: 01:50 PM
    (1)  [X]  (business)
    (2)  [ ]  (home)
    (3)  [ ]  (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a. [ ]  as an individual defendant.
    b. [ ]  as the person sued under the fictitious name of *(specify)*:
    c. [ ]  as occupant.
    d. [X]  On behalf of *(specify)*:   SOUTHERN GLAZER'S WINE AND SPIRITS, LLC
          under the following Code of Civil Procedure section:

    | | |
    |---|---|
    | [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
    | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
    | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
    | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
    | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
    | [X] other:   a limited liability company | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*14586896*
*(14149488)*
Page 1 of 2

| Plaintiff: | ANANIAS SNIPES III, individually and on behalf of all others similarly situated | Case Number: |
|---|---|---|
| Defendant: | SOUTHERN GLAZER'S WINE AND SPIRITS, LLC | 25CV150725 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name:                    Nancy Graddy
   b. Address:                 **FIRST LEGAL**
                               600 W. Santa Ana Blvd., Ste. 101
                               SANTA ANA, CA 92701
   c. Telephone number:        (714) 541-1110
   d. **The fee** for service was:  $56.30
   e. I am:
      (1) ☐  not a registered California process server.
      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒  a registered California process server:
            (i)   ☐ owner  ☐ employee  ☒ independent contractor
            (ii)  Registration No:   04-010
            (iii) County:   Placer

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| | |
|---|---|
| 11/14/2025 | *N. graddy* |
| *(Date)* | *Nancy Graddy* |

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

*14586896*
*(14149488)*
Page 2 of 2

# EXHIBIT  F

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br><br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/20/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _P. Williams_ Deputy<br>P. Drummer-Williams |
| PLAINTIFF:<br>ANANIAS SNIPES, III | |
| DEFENDANT:<br>SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al | |
| **NOTICE OF CASE RESCHEDULING OR RELOCATION** | CASE NUMBER:<br>25CV150725 |

TO THE PARTIES:

You are hereby notified that the above-entitled matter, previously set for

Complex Determination Hearing _____ as follows:

Rene C. Davidson Courthouse _____ on 12/04/2025 __ at 2:30 PM in Department 21 ____

has been rescheduled, or relocated, as follows:

Rene C. Davidson Courthouse _____ on 12/10/2025 __ at 1:30 PM in Department 18 ____

Welcome to Department 18,

Please review our departmental information on the Alameda County Superior Court eCourt Portal.

Join ZoomGov Meeting
https://alameda-courts-ca-gov.zoomgov.com/j/16076551515?pwd=ejlVTDI1elNCdEJiQVJhMDBqdUc2UT09

Meeting ID: 160 7655 1515
Passcode: Nov22

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/20/2025 _____          By P. Drummer-Williams _____

Deputy Clerk

**NOTICE OF CASE RESCHEDULING OR RELOCATION**

09/17

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
ANANIAS SNIPES, III

DEFENDANT/RESPONDENT:
SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
11/20/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
P. Drummer-Williams

### CERTIFICATE OF MAILING

CASE NUMBER:
25CV150725

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jessica Campbell
9811 Irvine Center Drive Suite100
Irvine, CA 92618

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/20/2025                    By:

P. Drummer-Williams, Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
ANANIAS SNIPES, III

DEFENDANT/RESPONDENT:
SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al

### CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
11/20/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
P. Drummer-Williams

CASE NUMBER:
25CV150725

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Rescheduling or Relocation entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Jessica Campbell
jcampbell@aegislawfirm.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/20/2025                    By:

P. Drummer-Williams, Deputy Clerk

# EXHIBIT  G

| **SUPERIOR COURT OF CALIFORNIA** **COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br><br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/20/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Pam Williams_ Deputy<br>P. Drummer-Williams |
| PLAINTIFF:<br>ANANIAS SNIPES, III | |
| DEFENDANT:<br>SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al | |
| **NOTICE OF CASE RESCHEDULING OR RELOCATION** | CASE NUMBER:<br>25CV150725 |

TO THE PARTIES:

You are hereby notified that the above-entitled matter, previously set for

Initial Case Management Conference                                    as follows:

Rene C. Davidson Courthouse                 on 02/23/2026    at 8:30 AM  in Department 21

has been rescheduled, or relocated, as follows:

Rene C. Davidson Courthouse                 on 02/25/2026    at 1:30 PM  in Department 18

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/20/2025                     By P. Drummer-Williams

                                          Deputy Clerk

**NOTICE OF CASE RESCHEDULING OR RELOCATION**

09/17

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
ANANIAS SNIPES, III

DEFENDANT/RESPONDENT:
SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
11/20/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
P. Drummer-Williams

## CERTIFICATE OF MAILING

CASE NUMBER:
25CV150725

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jessica Campbell
9811 Irvine Center Drive Suite100
Irvine, CA 92618

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/20/2025                    By:

P. Drummer-Williams, Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
ANANIAS SNIPES, III

DEFENDANT/RESPONDENT:
SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

11/20/2025

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy
P. Drummer-Williams

## CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6

CASE NUMBER:
25CV150725

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Rescheduling or Relocation entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Jessica Campbell
jcampbell@aegislawfirm.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/20/2025                    By:

P. Drummer-Williams, Deputy Clerk

# EXHIBIT  H

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse, Department 18

## JUDICIAL OFFICER: HONORABLE PATRICK MCKINNEY

Courtroom Clerk: Pam Drummer-Williams                                 CSR: None

---

**25CV150725**                                              December 10, 2025
                                                                       1:30 PM
**SNIPES**
  **vs**
**SOUTHERN GLAZERS WINE AND SPIRITS, LLC, et al.**

---

### MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

COMPLEX DETERMINATION - GRANTED CLASS ACTION

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Judicial: Non-Appearance Case Review Re: Deadline to File Class Certification Motion is scheduled for 10/05/2026 at 11:00 AM in Department 18 at Rene C. Davidson Courthouse.

**Plaintiff must file a motion for class certification prior to the October 5, 2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.**

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:       P. Dummer-Williams, Deputy Clerk
                  Minutes of: 12/10/2025
                  Entered on: 12/10/2025

# EXHIBIT  I

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

---

| | |
|---|---|
| ANANIAS SNIPES, III<br>　　　　Plaintiff/Petitioner(s)<br>　　　　　vs.<br>SOUTHERN GLAZERS WINE<br>AND SPIRITS, LLC et al<br>　　　　Defendant/Respondent<br>(s) | No.　　25CV150725<br><br>Date:　　12/10/2025<br>Time:　　1:30 PM<br>Dept:　　18<br>Judge:　　Patrick McKinney<br><br>ORDER re: Complex Determination<br>Hearing |

COMPLEX DETERMINATION - GRANTED CLASS ACTION

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Judicial: Non-Appearance Case Review Re: Deadline to File Class Certification Motion is scheduled for 10/05/2026 at 11:00 AM in Department 18 at Rene C. Davidson Courthouse.

**Plaintiff must file a motion for class certification prior to the October 5, 2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.**

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated :   12/10/2025

Patrick McKinney / Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 18

### JUDICIAL OFFICER: HONORABLE PATRICK MCKINNEY

Courtroom Clerk: Pam Drummer-Williams                    CSR: None

---

**25CV150725**                                          December 10, 2025
                                                              1:30 PM
**SNIPES**
  **vs**
**SOUTHERN GLAZERS WINE AND SPIRITS, LLC, et al.**

---

### MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

COMPLEX DETERMINATION - GRANTED CLASS ACTION

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Judicial: Non-Appearance Case Review Re: Deadline to File Class Certification Motion is scheduled for 10/05/2026 at 11:00 AM in Department 18 at Rene C. Davidson Courthouse.

**Plaintiff must file a motion for class certification prior to the October 5, 2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.**

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:    P. Dammer-Williams, Deputy Clerk
Minutes of: 12/10/2025
Entered on: 12/10/2025

# EXHIBIT  J

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br><br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br><br>12/12/2025<br><br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _A. Scoggins_ Deputy |

| PLAINTIFF:<br>ANANIAS SNIPES, III |  |
|---|---|
| DEFENDANT:<br>SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al |  |
| **NOTICE OF CASE RESCHEDULING OR RELOCATION** | CASE NUMBER:<br>25CV150725 |

TO THE PARTIES:

You are hereby notified that the above-entitled matter, previously set for

Initial Case Management Conference                                    as follows:

Rene C. Davidson Courthouse          on 02/25/2026   at 1:30 PM  in Department 18

has been rescheduled, or relocated, as follows:

Rene C. Davidson Courthouse          on 03/03/2026   at 2:30 PM  in Department 15


Chad Finke, Executive Officer / Clerk of the Court


Dated: 12/12/2025            By A. Scoggins

                                        Deputy Clerk

**NOTICE OF CASE RESCHEDULING OR RELOCATION**

09/17

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda

12/12/2025

Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
A. Scoggins

PLAINTIFF/PETITIONER:
ANANIAS SNIPES, III

DEFENDANT/RESPONDENT:
SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al

## CERTIFICATE OF MAILING

CASE NUMBER:
25CV150725

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jessica Campbell
9811 Irvine Center Drive Suite100
Irvine, CA 92618

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/12/2025                    By:

A. Scoggins, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT  K

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

12/12/2025

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy

B. Mercado

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse

Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF(S) / PETI

ANANIAS SNIPES, III

SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al

## NOTICE OF CASE REASSIGNMENT

CASE NUMBER:

25CV150725

**EFFECTIVE** 12/12/2025

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE: Peter Borkon

DEPARTMENT: 15

LOCATION: Rene C. Davidson Courthouse

Administration Building, 1221 Oak Street, Oakland, CA 94612

PHONE NUMBER: (510) 267-6931

FAX NUMBER:

EMAIL ADDRESS: Dept15@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period required by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

## NOTICE OF CASE REASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**

JUDGE Peter Borkon

DEPARTMENT 15

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

B. Mercado, Deputy Clerk

**NOTICE OF CASE REASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/12/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Rich Mhl_ Deputy<br>B. Mercado |
| PLAINTIFF/PETITIONER:<br>ANANIAS SNIPES, III | |
| DEFENDANT/RESPONDENT:<br>SOUTHERN GLAZERS WINE AND SPIRITS, LLC et al | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>25CV150725 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Reassignment (Civil) entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Jessica Campbell
jcampbell@aegislawfirm.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/12/2025                    By:

B. Mercado, Deputy Clerk

# EXHIBIT  L

 Superior Court of Alameda County Public Portal

**25CV150725** SNIPES vs SOUTHERN GLAZERS WINE AND SPIRITS, LLC, et al.

**Civil Unlimited** (Other Employment Complaint Case)

Filed: 10/23/2025

Rene C. Davidson Courthouse / DEPT 15 - HON. Peter Borkon

Next Hearing: 03/03/2026 Initial Case Management Conference

<u>Document Download</u>

Case Summary

<u>Register of Actions</u>    <u>Participants</u>    <u>Future Hearings</u>

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 10/23/2025 | Complaint<br>Filed by: ANANIAS SNIPES, III (Plaintiff)<br>As to: SOUTHERN GLAZERS WINE AND SPIRITS, LLC (Defendant); DOES 1 through 20, inclusive, Defendants (Defendant) | Document | ⬇ |
| 10/23/2025 | Civil Case Cover Sheet<br>Filed by: ANANIAS SNIPES, III (Plaintiff)<br>As to: SOUTHERN GLAZERS WINE AND SPIRITS, LLC (Defendant) | Document | ⬇ |
| 10/23/2025 | Summons on Complaint<br>Issued and Filed by: ANANIAS SNIPES, III (Plaintiff)<br>As to: SOUTHERN GLAZERS WINE AND SPIRITS, LLC (Defendant) | Document | ⬇ |
| 10/23/2025 | Notice of Case Management Conference<br>Filed by: Clerk | Document | ⬇ |
| 10/23/2025 | The case is placed in special status of: Provisionally Complex – Case Type | Case | |
| 10/27/2025 | Initial Case Management Conference scheduled for 02/23/2026 at 08:30 AM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 10/27/2025 | Complex Determination Hearing scheduled for 12/04/2025 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 10/27/2025 | Case assigned to Hon. S. Raj Chatterjee in Department 21 Rene C. Davidson Courthouse | Assignment | |
| 11/03/2025 | Challenge To Judicial Officer - Peremptory (170.6)<br>Filed by: ANANIAS SNIPES, III (Plaintiff) | Document | ⬇ |
| 11/03/2025 | Updated -- Challenge To Judicial Officer - Peremptory (170.6):<br>Result: Granted<br>Result Date: 11/03/2025 | Document | ⬇ |
| 11/12/2025 | Notice of Case Reassignment (Civil)<br>Filed by: Clerk | Document | ⬇ |
| 11/12/2025 | Case reassigned to Rene C. Davidson Courthouse in Department 18 - Hon. Patrick McKinney<br>Reason: Challenge / Recusal, by Plaintiff / Petitioner | Assignment | |

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 11/17/2025 | Proof of Service of Summons<br>Filed by: ANANIAS SNIPES, III (Plaintiff)<br>As to: SOUTHERN GLAZERS WINE AND SPIRITS, LLC (Defendant)<br>Service Date: 11/13/2025<br>Service Cost Waived: No | Document | ⬇ |
| 11/20/2025 | Notice of Case Rescheduling or Relocation<br>Filed by: Clerk | Document | ⬇ |
| 11/20/2025 | Notice of Case Rescheduling or Relocation<br>Filed by: Clerk | Document | ⬇ |
| 11/20/2025 | Complex Determination Hearing scheduled for 12/04/2025 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 Not Held - Rescheduled by Court was rescheduled to 12/10/2025 01:30 PM at Department 18 | Event | |
| 11/20/2025 | Initial Case Management Conference scheduled for 02/23/2026 at 08:30 AM in Rene C. Davidson Courthouse at Department 21 Not Held - Rescheduled by Court was rescheduled to 02/25/2026 01:30 PM at Department 18 | Event | |
| 12/03/2025 | Tentative Ruling Published for 12/10/2025 1:30 PM Complex Determination Hearing} | Tentative Ruling | |
| 12/10/2025 | Judicial: Non-Appearance Case Review Re: Deadline to File Class Certification Motion scheduled for 10/05/2026 at 11:00 AM in Rene C. Davidson Courthouse at Department 18 | Event | |
| 12/10/2025 | The case is placed in special status of: Deemed Complex | Case | |
| 12/10/2025 | Minute Order (Complex Determination Hearing) | Minute Order | ⬇ |
| 12/10/2025 | Order re: Complex Determination Hearing<br>Signed and Filed by: Court | Document | ⬇ |
| 12/10/2025 | Complex Determination Hearing scheduled for 12/10/2025 at 01:30 PM in Rene C. Davidson Courthouse at Department 18 updated:<br>Result Date to 12/10/2025<br>Result Type to Held - Motion Granted | Event | |
| 12/12/2025 | Notice of Case Reassignment (Civil)<br>Filed by: Clerk | Document | ⬇ |

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 12/12/2025 | Case reassigned to Rene C. Davidson Courthouse in Department 15 - Hon. Peter Borkon<br>Reason: Inventory Transfer | Assignment | |
| 12/12/2025 | Updated -- Notice of Case Reassignment (Civil): | Document | ⬇ |
| 12/12/2025 | Notice of Case Rescheduling or Relocation<br>Filed by: Clerk | Document | ⬇ |
| 12/12/2025 | Initial Case Management Conference scheduled for 02/25/2026 at 01:30 PM in Rene C. Davidson Courthouse at Department 18 Not Held - Continued - Court's Motion was rescheduled to 03/03/2026 02:30 PM at Department 15 | Event | |

Copyright © Journal Technologies, USA. All rights reserved.